IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

**JAMES MARVIN BAILEY, III**                                             **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO- 4:21CV-126-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal directly to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, finds the decision of the Commissioner of Social Security should reversed and the case remanded for further proceedings.

## FACTS

The plaintiff, James Bailey, filed for benefits on May 20, 2020, alleging onset of disability commencing on December 20, 2019. The Social Security Administration denied the claim initially and on reconsideration. His date last insured does not expire until the end of 2024. Following a hearing, the ALJ issued an unfavorable decision on June 9, 2021. (Dkt. 13 p. 15-24 ).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record and page numbers.

The ALJ determined Bailey had the following medically determinable impairments: bilateral carpal tunnel syndrome status-post bilateral carpal tunnel release surgeries, hypertension, diabetes with diabetic neuropathy, high cholesterol, high triglycerides, obesity, anxiety, and depression. The ALJ, however, found that none of his impairments or combination of impairments would significantly limit or be expected to significantly limit his ability to perform basic work functions for at least 12 consecutive months. The ALJ therefore determined Bailey had no severe impairment or impairments at Step 2 and was therefore not disabled.

## ANALYSIS

The plaintiff argues that the ALJ erred when he found the claimant did not have any severe impairments, citing to *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985). After considering the matter, the court finds there is clear error in the evaluation and decision regarding the plaintiff's mental complaints. Bailey was receiving treatment at Region VI-Life Help Mental Health Services where he received a diagnosis of having severe, recurrent depression with anxiety. The plaintiff points out correctly that the ALJ ignored the treating source statement from one of his mental health providers at Life Help, Dallas Brown. The ALJ did not mention this statement which significantly opined, among other things, that Baily had poor ability to maintain concentration, persistence and pace, work with others without being unduly distracted, complete a normal work week without interruptions due to psychologically based symptoms, and poor ability to accept instructions and respond appropriately to criticism from supervisors. She also opined that his mental impairments had lasted or were expected to last for at least twelve months. Because the ALJ did not mention this evidence at all or perform the required persuasiveness evaluation, the court cannot be sure that this critical evidence which supports a

severity determination was reviewed. Consequently, the court has no choice but to remand the case for further consideration.

The court notes that whether Bailey's physical conditions, particularly his carpal tunnel syndrome, met the *Stone* standard for a severe impairment is a close question. The ALJ's decision found the carpal tunnel syndrome not severe because it did not meet the durational requirements. But Bailey had both an abnormal EMG and other symptoms after surgery. Because of the low threshold requirements for finding an impairment severe and because this case is be remanded on other grounds, the court directs the Commissioner to also reconsider whether Bailey had a severe physical impairment.

**IT IS ORDERED** that the decision of the Commissioner is reversed, and the case remanded for further proceedings consistent with this opinion.

**SO ORDERED** this the 22nd day of June, 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**

3